David N. Pessin °
Drake Zaharris * ^ •
Steven A. Allen
Michael E. Leaf
Patricia McHugh Lambert
Leslie R. Stellman
Kevin F. Bress
Rochelle S. Eisenberg
Edmund J. O'Meally
Natalie C. Magdeburger
Catherine W. Steiner
Mairi Pat Maguire *
Joan Cerniglia-Lowensen *
Kimberly L. Battaglia
Gregory S. Weiner *
Paul M. Finamore*
Mark D. Maneche
Elizabeth A. Green
Robert S. Campbell
Lisa Y. Settles
Elliott D. Petty
Lauren B. Ades
Gregory K. Kirby*
Kimberly A. Longford
Chantelle M. Custodio*
David A. Burkhouse
Andrew G. Scott
Cheryl A. Jones
Aidan F. Smith
Kambon R. Williams+

Gerald M. Katz (1937-2014)

Kristy Bayus Williams
Megan G. Anderson
Emily Devan
Adam E. Konstas
Diva Bole
James M. Darrah
John L. Doran
Alexander H. Kelly
Michael J. Elliker
*Ashley N. Nelson-Raut
Kathryn D. Jackson
*Drew T. Ricci
Zoe Kerasidis

General Counsel
Barry Bach

Of Counsel
^Thomas J. Zagami
Henry E. Schwartz
Andrew H. Vance
Margaret M. McKee

* Also Admitted in DC
° Also Admitted in GA
+ Also Admitted in NY
• Also Admitted in MA
^ Also Admitted in PA

# PESSIN KATZ LAW, P.A.

ATTORNEYS AT LAW

SUITE 500

901 DULANEY VALLEY ROAD

TOWSON, MARYLAND  21204

---

410-938-8800

www.pklaw.com

Direct Line:
(410) 339-6757

Direct Fax:
(410) 832-5654

eomeally@pklaw.com

March 10, 2020

**VIA CM/ECF**
The Honorable Paul W. Grimm
United States District Court for the District of Maryland
6500 Cherrywood Lane, Greenbelt, Maryland 20770

    Re:    *Willey, et al. v. Bd. of Educ. of St. Mary's County*, Civil No.: PWG 20-cv-161

Dear Judge Grimm:

    Pursuant to your January 21, 2020 *Letter Order Regarding the Filing of Motions* (ECF No. 3), this letter is to inform the Court that the Defendant Board of Education of St. Mary's County (the "Board") intends to file a Motion to Dismiss, or in the alternative for Summary Judgment in accordance with Fed. R. Civ. P. 12(b) (6) and 56, in response to the Plaintiffs' First Amended Complaint. *See* Compl. ECF No. 7.

    The Amended Complaint concerns the tragic shooting of Jaelynn Willey at Great Mills High School on March 20, 2018 by fellow student Austin Rollins. Plaintiffs broadly allege that unidentified school officials had actual knowledge of and were deliberately indifferent to Rollins' alleged sexual harassment of Jaelynn. *See id.* at 11-18. Plaintiffs further allege that the Board failed to implement a variety of physical security measures and security policies, to properly hire, train, and supervise personnel, and failed to supervise and control classrooms and students, which they contend resulted in Jaelynn's death. *See id.* at 14, 39-42, 45-48. As discussed below, all of Plaintiffs' claims are subject to a motion to dismiss or in the alternative for summary judgment.

    1.    **Plaintiffs Fail to State Claims Under 42 U.S.C. § 1983**. Plaintiffs' claims in

The Honorable Paul W. Grimm                 PESSIN KATZ LAW, P.A.
March 10, 2020
Page 2

Counts I, II, III, and V under 42 U.S.C. § 1983 fail as a matter of law because the Board is a state agency and, thus, is not a "person" subject to suit under 42 U.S.C. § 1983. *See, e.g., Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989); *James v. Frederick County Pub. Schs.*, 441 F. Supp. 2d 755, 760 (D. Md. 2006); *J.G. v. Prince George's Cty. Bd. of Educ.*, No. PWG-16-1008, 2017 WL 930130, at *4 (D. Md. Mar. 8, 2017).

      **2.**     **Plaintiffs Fail to State Claims Under Title IX.** Plaintiffs generally allege that unspecified school officials had "actual knowledge" that "Rollins was stalking, harassing, abusing, intimidating, and otherwise harming and threatening Jaelynn on the basis of her sex" and that the Board "took no action, constituting deliberate indifference, permitted Rollins to enter school with a gun, and left Jaelynn to be murdered on school grounds, in a school hallway, while school was in session[.]" *Id.* at ¶¶ 162-67.[1] Plaintiffs fail to allege any specific *facts* regarding the identity of any "appropriate person"[2] who had actual knowledge of the alleged harassment and thereafter was deliberately indifferent by failing to take corrective action on behalf of the Board.[3] Furthermore, Plaintiffs have not alleged facts demonstrating that the alleged harassment pre-dating the shooting was severe, pervasive, and objectively offensive such that it created a hostile or abusive educational environment.[4] Simply put, Plaintiffs' allegations lack the specificity required as a matter of law to state a Title IX claim.[5] Alternatively, the Board will submit affidavits and other records demonstrating that there can be no genuine factual dispute that no appropriate person had actual knowledge of the alleged harassment.

---

[1] *See Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650-51 (1999); *see also Doe v. Lenoir-Rhyne Univ.*, Civ. No. 5:18-CV-00032-DSC, 2018 WL 410520, at *2 (W.D.N.C. Aug. 28, 2018) (reasoning that "to prove a Title IX claim on the basis of student-on-student sexual harassment, a plaintiff must show that . . . the educational institution had actual knowledge of the harassment but was deliberately indifferent").

[2] An appropriate person is an "'official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [district's] behalf has actual knowledge of discrimination' and is deliberately indifferent to it." *Baynard v. Malone*, 268 F.3d 228, 237 (4th Cir. 2001) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 276, (1998)). The only school employee identified in the Amended Complaint is an unidentified swim team coach, who is not an "appropriate person" under Title IX. *See id.* at 238-39

[3] "To survive a motion to dismiss, a complaint must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs' allegations, on the other hand, merely consist of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Even assuming their truth, Plaintiffs' allegations "do not permit the court to infer more than the mere *possibility* of misconduct" and should therefore be dismissed. *Id.* (emphasis added).

[4] *See Jennings v. University of North Carolina*, 482 F.3d 686, 699 (4th Cir. 2007) (recognizing that "a sexual harassment victim 'can be said' to have been deprived of access to educational opportunities or benefits in several circumstances, including when the harassment (1) results in the physical exclusion of the victim from an educational program or activity; (2) 'so undermines and detracts from the victim['s] educational experience' as to 'effectively den[y her] equal access to an institution's resources and opportunities'; or (3) has 'a concrete, negative effect on [the victim's] ability' to participate in an educational program or activity) (citing *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650-51 (1999)).

[5] *Doe*, 2018 WL 410520, at *2 (dismissing Title IX claim on grounds that "university's knowledge of prior sexual misconduct by the same assailant with other students or of potential abuse is insufficient to establish a Title IX claim"). *But cf. Feminist Majority Foundation v. Hurley*, 911 F.3d 674, 689-91 (4th Cir. 2018) (allegations were sufficient to state a Title IX claim where the "Complaint portrays repeated instances of UMW students targeting and harassing [plaintiffs] with threats and other sex-based hostility[,]" and specifically detailed plaintiffs' reports to the Title IX coordinator and university president, which went unaddressed).

The Honorable Paul W. Grimm					PESSIN KATZ LAW, P.A.
March 10, 2020
Page 3

**3.	Plaintiffs' Pendent State Law Tort Claims Amount to Claims of "Educational Negligence" or "Malpractice" Which are Not Recognized in Maryland.** Under Maryland law, there can be no recovery in tort on an educational negligence or malpractice theory. *See Hunter v. Board of Education of Montgomery County*, 292 Md. 481, 484, 487-89 (1982). Nonetheless, Plaintiffs attempt to recover for educational negligence under the guise of claims for negligence, premises liability,[6] wrongful death and survival should be rejected as a matter of public policy,[7] and thus Counts VI - IX should be dismissed.[8]

**4.	Plaintiffs' Claims for Damages in Excess of Four Hundred Thousand Dollars, Punitive Damages, and Attorneys' Fees Must be Dismissed.** To the extent Plaintiffs' state law tort claims cumulatively seek damages exceeding $400,000, such claims must be dismissed because they exceed the applicable sovereign immunity cap.[9] Moreover, Plaintiffs' claim for punitive damages and attorney's fees must be dismissed as a matter of law.[10]

We look forward to a telephone conference with the Court and Counsel to discuss this matter at greater length.

Very truly yours,

Edmund J. O'Meally

cc:	All Counsel via CM ECF

---

[6] In support of their premises liability claim, Plaintiffs contend that the Board "has a special relationship with students which gives rise to a duty of care." Compl. at ¶ 212. However, the relationship between a student *vis-à-vis* the school does not rise to the level of a "special relationship." *See Stevenson v. Martin County Bd. of Educ.*, 3 Fed. Appx. 25, 31 (4th Cir. 2001), *cert. denied*, 534 U.S. 821 (2001); *see also Shores v. Stafford Cty. Sch. Bd.*, No. CIV.A. 04-1325, 2005 WL 2071730, at *3-4 (E.D. Va. Aug. 26, 2005) (stating that "[t]he fact that the state maintains a public school system does not render the state constitutionally liable for all acts of violence between students").

[7] *James*, 441 F. Supp.2d at 759 (citing *Hunter, supra*) (justifying such refusal on the "difficulty in fashioning a legal standard of care and the immeasurability of damages, but also because [the Court of Appeals] did not want to make courts the 'overseers of both the day-to-day operation of our educational process as well as the formulation of its governing policies.'"); *see also Gurbani v. Johns Hopkins Health Systems Corp.*, 237 Md. App. 261, 293 (2018) (relying on *Hunter* and rejecting claims of negligent hiring and supervision in favor of broad judicial deference to educational decision-making).

[8] Count X is subject to dismissal because there is "no separate cause of action for respondeat superior" under Maryland law. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 n.8 (D. Md. 2012).

[9] *See* Md. Code Ann. Educ. § 4-105(d); Md. Code Ann., Cts. & Jud. Proc. § 5-518(b) (stating that a county board of education "may raise the defense of sovereign immunity to any amount claimed above the limit of its insurance policy, or, if self-insured or a member of a pool described under § 4-105(c)(1)(ii) of the Education Article, above $400,000").

[10] *See Mercer v. Duke University*, 50 Fed. Appx. 643 (4th Cir. 2002) (punitive damages not recoverable under Title IX); *see also French v. Hines*, 182 Md. App. 201, 248 (2008) ("punitive damages may only be awarded on the basis of 'actual malice'"); *Hunter*, 292 Md. at 491 n.8 (malicious acts cannot be committed in furtherance of the public education system); *see also Thomas v. Gladstone*, 386 Md. 693, 699 (2005) (holding that Maryland follows the American Rule generally disallowing an award of attorneys' fees).