# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Melissa & Daniel Willey**, as Personal Representative of the Estate of Jaelynn Willey, deceased, et. al. | * * * * | |
| Plaintiffs, | * | |
| | * | **CASE NO.: 8:20-cv-161 PWG** |
| v. | * | |
| | * | |
| **Board of Education of St. Mary's County, et. al.** | * * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION OF LAUREN M. GEISSER PURSUANT TO FED. R. CIV. P. 56(D)

I, Lauren M. Geisser, under penalty of perjury, declare as follows:

1.      I am over eighteen (18) years of age, am competent to testify in these proceedings, and have personal knowledge of the facts state in this Affidavit.

2.      Many of the individuals, Plaintiffs need to speak with are represented by Defendants' Counsel.

3.      Defendants' Counsel specifically instructed Plaintiffs' counsel to refrain from communicating with "the Board [of Education], its members, administrators, or any other school system employees regarding your clients' claims, the unfortunate occurrence of March 20, 2018, or any other related matters." *See* Exhibit E: Correspondence February 25, 2019

4.      As a result of their representation and Defendants' Counsel's letter, Plaintiffs cannot speak with these individuals absent an order from this Court.

5.      Plaintiffs require statements from these individuals relating to numerous topics, including: the responses and interventions undertaken by Defendants to protect and ensure the safety of Decedent; any complaints, concerns or observations submitted regarding the safety of

**Exhibit B - 1**

Decedent; any policies, procedures, or programs needed or implemented by Defendants regarding the general issues faced by Decedent prior to her death (including but not limited to: dating violence, sexual harassment, stalking, and/or bullying); what if any, individuals were aware of or made efforts to resolve the issues Decedent was experiencing regarding Rollins, etc.

6.      Much of the documentation regarding the above issues is in the exclusive control of Defendants and has not been made publicly available.

7.      Plaintiffs require a Scheduling Order to be issued by this Court in order for Plaintiffs to begin obtaining written discovery from Defendants on these issues.

8.      Additionally, Plaintiffs are aware of a group of students, including Decedent, who would meet in Defendant Kroll's classroom each morning prior to the start of school.

9.      Upon information and belief, Defendant Kroll was present during these meetings.

10.     During these meetings, Decedent would frequently have conversations regarding Austin Rollins and his behavior towards Decedent.

11.     Plaintiffs have attempted to reach out to those present during those meetings, but have found many of those individuals uncooperative and/or unresponsive.

12.     Plaintiffs require a Scheduling Order to be issued by this Court in order for Plaintiffs to subpoena those individuals.

13.     Plaintiffs are in possession of Criminal Investigation reports authored by the Office of the Sheriff for St. Mary's County, Maryland.

14.     The reports identify numerous individuals who witnessed and/or were present during the shooting, and/or had information regarding the shooting.

15.     Many of the individuals interview in the reports are minors, and consequently, their names and contact information are redacted.

**Exhibit B - 2**

16.     Plaintiffs require a Scheduling Order to be issued by this Court in order for Plaintiffs to subpoena the names and contact information for these individuals.

17.     Plaintiffs further contend that the Defendants possess evidence of Rollins harassing Decedent while using the school's wireless network (i.e. texts and social media posts sent during school hours).

18.     Plaintiffs require a Scheduling Order to be issued by this Court in order for Plaintiffs to obtain discovery on this school wireless network information.

19.     Plaintiff require specific information regarding the Individual Board Member's actions in response to purported threats of violence at the school and sexual harassment and dating violence.

20.     Plaintiffs require a Scheduling Order to be issued by this Court in order for Plaintiffs to obtain discovery from the Individual Board Members on these issues.

21.     Plaintiff requires information on the following topics:

  a.     Any safety measures in place at Great Mills High School prior to or at the time of Decedent's death;

  b.     Threats made to Great Mills High School prior to or at the time of Decedent's death and by whom the threats were made by;

  c.     Any disciplinary actions against the Defendant shooter;

  d.     Any policies, procedures, training, intervention, etc. in place at Great Mills High School prior to or at the time of Decedent's death regarding sexual harassment and/or dating violence;

Exhibit B - 3

e.  Any policies, procedures, programs, interventions, etc. in place at Great Mills High School prior to or at the time of Decedent's death regarding gender discrimination, sexual harassment, dating violence, etc.;

f.  Any safety measures in place for the St. Mary's County Public School System prior to or at the time of Decedent's death regarding sexual harassment;

g.  Any safety measures in place for the St. Mary's County Public School System prior to or at the time of Decedent's death regarding gender discrimination;

h.  Information pertaining to who is responsible for, or makes decisions regarding reports, information, knowledge, incidents, of sexual harassment Great Mills High School prior to or at the time of Decedent's death;

i.  Any specific threats of violence against women generally and Decedent specifically at Great Mills High School prior to or at the time of Decedent's death;

j.  Each Defendants' responses to threats of violence against women generally and Decedent specifically at Great Mills High School prior to or at the time of Decedent's death; and

k.  Each Defendants' responses to sexual harassment of women generally, and Decedent specifically, at Great Mills High School prior to or at the time of Decedent's death.

22.  Upon information and belief, these facts would be located within documents in the exclusive possession of Defendants.

4

**Exhibit B - 4**

23.     Plaintiffs require a Scheduling Order to be issued by this Court in order for Plaintiffs to begin obtaining written discovery from Defendants on these issues.

24.     Plaintiffs seek information and facts regarding the Defendant Board, including any past votes taken, or discussions had regarding the issues faced by Decedent, both generally and specific to Defendant.

25.     Upon information and belief, these facts would be located in documents in the exclusive possession of Defendants.

26.     Plaintiffs require a Scheduling Order to be issued by this Court in order for Plaintiffs to begin obtaining written discovery from Defendants on these issues.

27.     I declare or affirm under the penalty of perjury under the laws of the United States of America that the content of the foregoing Affidavit is true and correct and is based upon personal knowledge.

Respectfully submitted,

Executed on: __10/21/2020__          _____
                                     Lauren M. Geisser, 29190
                                     GILMAN & BEDIGIAN, L.L.C.
                                     1954 Greenspring Drive, Suite 250
                                     Timonium, Maryland 21093
                                     (410) 560-4999
                                     lgeisser@gblegalteam.com
                                     *Attorney for Plaintiff*

**Exhibit B - 5**