JOHN F. BREADS, JR.
ATTORNEY AT LAW
DIRECTOR, LEGAL SERVICES

---

7225 PARKWAY DR., HANOVER, MD 21076
TEL 443.561.1700 ▪ FAX 443.561.1701
JBREADS@LGIT.ORG

November 12, 2020

**VIA CM/ECF**
The Honorable Paul W. Grimm
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re: *Melissa and Daniel Willey, et al. v. Bd. of Educ. of St. Mary's County, et al.*
          Civil No.: PWG 20-cv-161

Dear Judge Grimm:

      Pursuant to your January 21, 2020 Letter Order Regarding the Filing of Motions (ECF No. 3), this letter serves to inform the Court that Defendants Board of County Commissioners of St. Mary's County ("the County") and Blaine Gaskill ("Deputy Gaskill") seek to join the Co-Defendants in this action in filing a Motion to Dismiss, or in the alternative, for Summary Judgment, in accordance with Fed.R.Civ.P. 12(b) and 56, in response to Plaintiffs' Second Amended Complaint (ECF No. 15).

      Many of the issues raised in the Second Amended Complaint have now been fully briefed by the parties. Due to the substantial overlap in the claims and causes against defendants, most, if not all, of the challenges intended by the County and Deputy Gaskill are already known to the Court. Specifically, the challenges are found in the Motions to Dismiss (ECF Nos. 22, 23, and 24) and Reply Memoranda (ECF Nos. 29, 30, and 31), and include the failure of the Second Amended to sufficiently allege: causes of action against these Defendants; individual wrongdoing on the part of these Defendants; any of the exceptions to *DeShaney*; a special relationship; a state created danger; conscience-shocking conduct; or a municipal liability (*Monell*) claim. Defendant Gaskill will also raise the affirmative defense of qualified immunity, as well as the immunity available to State personnel in §5-522 of the Courts & Judicial Proceedings Article (based upon an absence of malice or gross negligence). The County will raise the failure to comply with the condition precedent to suing a local government or its employees imposed by the Local Government Tort Claims Act (§5-301, et seq. of the Courts Article), as well as the defense of governmental immunity against all non-constitutional tort and tort-based claims against it. Finally, the County will assert that it cannot be held liable for punitive damages.

      In addition to arguments previously raised by the Co-Defendants, the County and Deputy Gaskill will also raise the effect of suing a deputy sheriff in his official capacity. This Court has

repeatedly held that an official capacity suit against a Maryland deputy sheriff has the legal effect of naming the State of Maryland as a defendant. *See Kennedy v. Widdowson*, 804 F. Supp. 737, 740 (D. Md. 1992). Defendants will also contest that a deputy sheriff is a county employee for the purposes of either state tort law or § 1983, or that § 9-108 of the State Finance and Procurement Article creates any employment relationship between deputy sheriffs and counties as is alleged in the Second Amended Complaint. Section 9-108 authorizes counties, in their discretion, to obtain insurance coverage for sheriffs and their deputies engaged in the performance of law enforcement or detention functions; it does not obligate the counties to act as "assistant attorneys general" and cover, defend, and indemnify the State of Maryland when either it or its agents are sued. In short, for the purposes of the causes pled in in this case, Deputy Gaskill was not a County employee.

Defendants respectfully reserve to raise any other or further defenses in their actual motions. Your attention to this matter is appreciated.

Very truly yours,

John F. Breads, Jr.

cc: Counsel of Record (via CM/ECF)