IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| MELISSA WILLEY, et al. | * | |
| Plaintiffs, | * | |
| v. | * | |
| BOARD OF EDUCATION OF ST. MARY'S COUNTY, et al. | * | CASE NO. 8:20-cv-00161-PWG |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**STIPULATED ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL**

This STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL (the "Confidentiality Order") is entered into this ____ day of _____, 2021 ("Effective Date") by and between Plaintiffs, Melissa and Daniel Willey, individually and as personal representatives of the estate of Jaelynn Willey ("Plaintiffs"), Defendant Board of Education of St. Mary's County (the "Board"), and the Board of County Commissioners of St. Mary's County (the "County Board") (collectively referred to as the "Parties").

WHEREAS, the Parties have agreed to produce all documents deemed discoverable under the Federal Rules of Civil Procedure, including electronically stored information ("ESI"), that are responsive to the opposing party's discovery requests and not privileged or otherwise exempted from discovery under the Federal Rules or other applicable source of law;

WHEREAS, some of the ESI and other documents to be produced in this matter may contain sensitive and/or confidential information ("Confidential Material"), including but not limited to photographs and/or videos regarding the shooting that

1

occurred at Great Mills High School in St. Mary's County, Maryland in March 2018 (the "Incident");

WHEREAS, the parties expect to subpoena various law enforcement entities for materials related to the Incident which, upon information and belief, contains Confidential Material; and

WHEREAS, the Parties desire to keep Confidential Material confidential and protected from public disclosure to the maximum extent possible.

IT IS HEREBY STIPULATED AND AGREED by the Parties that the following clauses of this Confidentiality Order shall govern the disclosure and use of Confidential Material in this action.

## TREATMENT OF CONFIDENTIAL MATERIAL

1. The designation of Confidential Material shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains Confidential Material which is in fact confidential and/or sensitive. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of Confidential Material shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of

confidential documents before they are copied and marked confidential pursuant to this procedure. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

    2. Any Confidential Material disclosed by the Parties in this litigation is to be considered confidential and the receiving party shall hold the same in confidence and shall not use any disclosed Confidential Material other than for the purposes of this litigation. To that end, the Parties shall limit the disclosure of all documents or ESI containing Confidential Material only to the following persons:

    (i) The Parties;

    (ii) Disclosure may be made to counsel and employees of counsel for the Parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (iii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

    (iv) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person

engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(v)  Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(vi)  Disclosure may be made to fact witnesses during depositions to the extent necessary.

3.  If Confidential Material is disclosed through inadvertence or otherwise to any person not authorized under this Confidentiality Order, the party causing such disclosure shall inform the person receiving the Confidential Material that the information is covered by this Confidentiality Order, make its best efforts to retrieve the Confidential Material, and promptly inform the non-producing party of the disclosure.

4.  To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Material, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing

Motion shall be wholly without prejudice to the filing party's rights under paragraph (7) of this Confidentiality Order.

5. Except for irrelevant, non-discoverable information contained within otherwise discoverable Confidential Information, and except for the provision set forth in Paragraph 6, below, no information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by Paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

6. Within five (5) school days after receiving a discovery request for a student's personally identifiable information or other "education records" as defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g(a)(4), of a student who is not a party to this litigation, the Board of Education of St. Mary's County will provide notice to the parent and/or guardian of the minor student, or to the student if he/she has reached the age of majority, and produce the records to the requesting party within thirty-five (35) days of the request unless the parent, guardian, or student, depending on whether the student is a minor, files a motion for a protective order in either the Circuit Court for St. Mary's County or the United States District Court for the District of Maryland, in which case the Board of Education of St. Mary's County will delay production until the issuance of an Order on the requested protective order.

7. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

8. At the conclusion of the litigation, all material treated as Confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court

may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

## GENERAL PROVISIONS

9. This Confidentiality Order pertains to all documentation produced by the Parties in discovery in the above-captioned action regardless of whether disclosure of the documentation at issue occurred prior to execution of this Confidentiality Order.

10. This terms of this Confidentiality Order shall be binding on the Parties upon execution regardless of whether, or when, the Court enters the Confidentiality Order.

11. Nothing herein shall prevent any party from applying to the Court for a modification of this Confidentiality Order should the moving party believe the Confidentiality Order, as originally contemplated, is hampering its efforts to prepare for trial; or from applying to the Court for further or additional protections; or from an agreement between the Parties to any modification of this Confidentiality Order, subject to the approval of the Court.

**ACCEPTED AND AGREED TO BY:**

By: /s/ (filed electronically)

Lauren M. Geisser, (Federal Bar No. 29190)
Lauren M. Bell, (Federal Bar No. 19540)
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
Telephone: (410) 560-4999
lgeisser@gblegalteam.com
lbell@gblegalteam.com

By: /s/ (filed electronically)
  ────────────────────────────
  Marsha Williams (Federal Bar No. 21339)
  Kathleen McClernan (Federal Bar No. 21239)
  Alycia E. Stack (Federal Bar No. 21326)
  Williams, McClernan & Stack, LLC
  2271 Washington Street, Suite 201
  P.O. Box 188
  Leonardtown, Maryland 20650
  Telephone (240) 309-4179
  marsha@wmslawyers.com
  kathleen@wmslawyers.com
  alycia@wmslawyers.com

  **COUNSEL FOR PLAINTIFFS**


By: /s/ (filed electronically)
  ────────────────────────────
  Edmund J. O'Meally (Federal Bar No. 04910)
  Andrew G. Scott (Federal Bar No. 29257)
  Adam E. Konstas (Federal Bar No. 18957)
  PESSIN KATZ LAW, P.A.
  901 Dulaney Valley Road, Suite 500
  Towson, Maryland  21204
  Telephone:  (410) 938-8800
  eomeally@pklaw.com
  ascott@pklaw.com
  akonstas@pklaw.com

  **COUNSEL FOR THE BOARD OF EDUCATION OF ST. MARY'S COUNTY**

By:   /s/ (filed electronically)

    Raymond R. Mulera (Federal Bar No. 09454)
    7225 Parkway Drive
    Hanover, Maryland 21076
    Telephone: (443) 451-1700
    rmulera@lgit.org

    **COUNSEL FOR THE BOARD OF COUNTY COMMISSIONERS OF ST. MARY'S COUNTY**

**ON THIS** _____**, 2021, IT IS SO ORDERED:**